HENRY F. PATCH, RESPONDENT, *v.* THE TRIBUNE ASSO-
CIATION, APPELLANT.

*Practice — action for libel — a demurrer will not lie, if the words can be so construed
as to be libelous, although also capable of an innocent meaning.*

Where the words used in an article alleged to be libelous are ambiguous, or the
sense in which they are used is doubtful and uncertain, a demurrer to the
complaint will be overruled, if they are capable of a construction which
would make them actionable, even though an innocent sense could be placed
upon them.

APPEAL from an interlocutory judgment, entered upon an order overruling a demurrer interposed to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The action was brought to recover damages for articles published by the defendant in The New York Tribune, which were alleged to be libelous. The article set forth in the first cause of action was as follows:

"CHAPPAQUA.

" On Thursday Dr. Patch was called to visit a little son of Constable Alexander Lawrence, for whom he prescribed some medicines. Shortly after taking a dose, the child was seized with convulsions. Two other physicians who were sent for remarked that there was something wrong either in the prescription or its preparation."

The article set forth in the second cause of action was as follows:

"CHAPPAQUA.

" The little son of Alexander C. Lawrence, who was seized with convulsions a few days ago, immediately after taking some medicine prescribed by Dr. Patch, died on Sunday. Dr. Miller refused to give a certificate as to the cause of death; then Dr. Patch declined to give one. Finally Dr. Miller consented to give one, but stated that if he did so it would be unfavorable to Dr. Patch, so that a coroner's investigation will probably be made."

*Cornelius A. Runkle,* for the appellant.

*W. Harlock,* for the respondent.

BARNARD, P. J.:

The defendant can only test the actionable quality of the words by the demurrer. If they are ambiguous, or if the sense in which they were used is doubtful and uncertain, but they are capable of a construction which would make them actionable even if an innocent sense could be placed upon them, a question is presented for a jury. Under this rule the demurrer is not well taken.

The plaintiff is a physician. He prescribed for a child of one Alfred Lawrence. The article charges that " soon after taking the dose the child was seized with convulsions. Two other physicians who were sent for remarked that there was something wrong either in the prescription or its preparation."

The second cause of action is contained in an article which states that " the little son of Alexander C. Lawrence who was seized with convulsions a few days ago, immediately after taking some medicine prescribed by Dr. Patch, died on Sunday. Dr. Miller refused to give a certificate as to the cause of death; then Dr. Patch declined to give one. Finally Dr. Miller consented to give one, but stated that if he did so it would be unfavorable to Dr. Patch, so that a coroner's investigation will probably be made."

The tendency of the first article is of such a character as to make possible an inference from it that the plaintiff had either mixed the proper medicines improperly, or had prescribed an improper kind of medicine.

The second publication is so framed that it is possible for a jury to find, that the intent of the article is that the plaintiff caused the death of a child by negligence or lack of skill, and that on this account a physician, Dr. Miller, had refused to give a certificate of the cause of death, stating that it would be unfavorable to the plaintiff, and that as a consequence the cause of death would have to be investigated by a coroner. If so found to be, in spirit and intent, the words are actionable, being spoken of a physician.

The judgment should be affirmed, with costs, with leave to defendant to answer, on payment of costs, in twenty days.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment overruling demurrer to complaint affirmed, with costs, defendant to have leave to answer, on payment of costs, in twenty days.